

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BELENDIA JONES**                                                  **PLAINTIFF**

VS.                                                    CIVIL ACTION NO. 3:17-cv-120 WHB-JCG

**HINDS COUNTY SHERIFF VICTOR MASON,**
**IN HIS INDIVIDUAL CAPACITY, AND**
**HINDS COUNTY, MISSISSIPPI**                               **DEFENDANTS**

### COMPLAINT
(Jury Trial Demanded)

**COMES NOW**, Plaintiff Belendia Jones, by and through her attorney, Lisa M. Ross, and files this her Complaint against the Defendants, as follows:

### JURISDICTION AND VENUE

1.     This suit is authorized and instituted pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendments of the United States Constitution. Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1331.

2.     Venue is proper pursuant to 28 U.S.C. § 1391(b). A substantial part of the events or omissions giving rise to these claims acts complained of by Plaintiff occurred in the Northern Division of Southern District of Mississippi.

## PARTIES

3. Plaintiff Belendia Jones (hereinafter "Jones") is an adult African-American female resident citizen of Hinds County, Mississippi.

4. Defendant Victor Mason (hereinafter "Mason") is the Sheriff of Hinds County, Mississippi. At all times material herein, Mason was acting within the course and scope of his employment as Sheriff of Hinds County, Mississippi. Mason may be served with process of this Court by service on him at his business address at the Hinds County Sheriff's Office, 407 East Pascagoula Street, Jackson, Mississippi. Victor Mason is sued in his individual capacity.

5. Defendant Hinds County, Mississippi was and still is a county organized and existing under and by virtue of the laws of the State of Mississippi. This defendant may be served with process of this Court in care of its agent for service, Darrel McQuirter, President, Hinds County Board of Supervisors, Hinds County Chancery Court Building, 316 South President Street, Jackson, Mississippi.

## STATEMENT OF FACTS

6. During the Summer of 2015 Belendia Jones, who then served as a Reserve Deputy for the Hinds County Sheriff's Department and worked in private sector, began volunteering for Victor Mason's campaign for Sheriff of Hinds County, Mississippi. Belendia Jones (hereinafter "Jones") had known Mason for years and considered him a friend of her family. Before his death, Jones's father was Victor Mason's barber.

7. Jones completed the academy for reserve deputies in 2013 and served as a part-time reserve deputy from 2013 until the Summer of 2015. Hinds County Sheriff Tyrone

2

Lewis released Jones as a reserve deputy for the Hinds County Sheriff's Department (hereinafter "HCSD") when he learned Jones was supporting Mason.

8. For years Jones aspired to become a certified law enforcement official and volunteered as a reserve deputy in anticipation of one day becoming certified by the Mississippi Department of Public Safety Law Enforcement Officer Standard and Training Board. Jones's hopes of becoming a certified law enforcement officer were dashed when Lewis relieved her of her volunteer services at the HCSD.

9. Because Jones and Mason talked often, Mason knew about Jones's goal to become a certified law enforcement officer. Upon information and belief, Victor Mason knew Jones needed a law enforcement agency to sponsor her in a class before she could become a certified law enforcement officer.

10. After Lewis told Jones she could no longer serve as a volunteer reserve deputy, Mason promised Jones that if he won the sheriff's election, he would hire her, make her a sergeant and the HCSD would send her to the police academy to become a certified law enforcement officer.

11. During the campaign season, Mason often spoke to Jones by telephone. On many occasions, Mason pretended Mrs. Wilson, a fictional character, wanted Jones questions about Mason. During those telephone calls, Mason would ask Jones the questions supposedly posed by Mrs. Wilson. After the telephone calls, Mason would text Jones and quiz her on Mrs. Wilson's calls.

12. After Mason won the sheriff's election in November of 2015, he texted Jones and stated: "Question 1 was? Jones, what was question #1?" Jones responded: "If you were handsome and the answer was NO! BONE HEAD." Mason replied and stated: "Question

2." Jones responded: "If u dressed nicely. Answer was yes." Mason texted back and said: "Lol. Question 3. Lol." Jones responded: "If I wanted to fuck you and the answer was NO, NO, NO, NO, NO, NO, NO."

13. On or about November 19, 2015, Mason texted Jones and stated "Question 3?" Jones responded: "If you wanted to f*** me." Mason responded: "What the hell is ****? Man, you better come with it." Jones replied: "Spell check did that I didn't." Mason responded and said: "Your black ass got 30 seconds. Times up." Jones texted back and told Mason: "I didn't get the last text." Mason told Jones: "Play crazy." Jones responded: "If u wanted to fuck me. Seriously." Mason texted: "Question 3?" Jones responded "If u wanted to fuck me." Mason responded "Thank you Sgt. Jones. Lol."

14. Jones told Mason: "My dad is going to get you." Mason stated: "You think so?" Jones said: "Yes he is." Mason replied: "Is that before or after you fuck me?" Jones responded and said: "Both cause I'm not fucking u!" Mason texted Jones and said: "Yes you are witch." Jones responded "No I'm not! Yucky!"

15. On or about November 21, 2015, Mason texted Jones and told her "whomever you're dining with tonight don't give him any pussy." Jones responded: "Kml!" Mason responded: "what?" Jones responded: ""Killing myself laughing. ...kml." Mason texted back and said "Oh ok."

16. On Thursday, December 31, 2015, Mason was sworned in as sheriff of Hinds County, Mississippi. On January 4, 2016, Jones was hired as a Sergeant in the Background Investigations Department. On or about January 25, 2016, Mason texted Jones and stated: "Wanna make a deal?" Jones asked: "What's the deal?" Mason directed Jones to "Resite (sic) question 3." Jones stated "Mrs. Wilson wanted to know if

4

I wanted to fuck you! Ughh!" On or about January 26, 2016, Mason texted Jones and said: "I'm outside are you going to let me in. I brought wine." Jones responded: "No you are not."

17. On or about February 9, 2016, Mason texted Jones and asked: "are you ready to say question 3?" Jones did not respond. Mason texted Jones again and told her "Ignoring me is very dangerous." Mason told Jones: "I don't give a flip. I'm calling back and you will say it." Jones asked Mason: "Why r u torching (torturing) me?!" Mason responded: "Cause I can. You ready? Jones responded: "No." Mason replied and said: "Get ready if you don't you'll suffer." Jones replied: No!"

18. On March 8, 2016, Mason texted Jones and said "Jonzey." Jones responded: "Yes sir?" Mason said: "give me some." Jones said "I'll think about it." Mason said "Are you serious? Hello." Mason responded: "Don't play with me." Jones said: "I'll think about it." Mason told Jones: "Stop repeating yourself." Jones responded "That's all I have to say."

19. Mason responded: "Why? Give me some hope. Jones?" Jones stated, "Yes, I gave u hope by saying I will think about it." Mason responded: "I'm serious. Are you?" Jones texted Mason and said "U suppose to look after me, not bone me." Mason responded: "I'll have your unit number tomorrow. Don't you want to give me some? Tell the truth." Jones stated: "It flew fast in my mind n I dismissed it just as fast."

20. Mason asked: "Are you trying to be funny? Jones stated: "I'm really not." Mason stated: "so do you want to give me some or not. Forget all that I'll think about jazz." Jones stated "you know I can't do that." Mason responded: "Why I want to give you some." Jones replied: "I know, probably since the day I met u." Mason asked: "So I

5

won't ever get any from you?" Jones told Mason: "I honestly don't know." Mason responded: "Ok be like that. But just remember one thing?" Jones responded: "Yes." Mason told Jones: "I need to fuck you." Jones asked Mason: "Why do you feel you need to do that."

21.     On or about March 26, 2016, Mason texted Jones and asked her: "Why did you put Yucky at the end of Ms. Wilson's statement? No so that statement didn't count. So, do it again but leave the YUCKY off. Do it and I'm not playing. NOW JONES NOW."

22.     On April 3, 2016, Mason texted Jones and stated "Question 3. Oh, you know bousy (sic). See how you do me. Stop lying and don't start whining."

23.     Throughout Jones's tenure as a sergeant, Mason texted Jones and demanded sexual favors. When Mason finally realized that Jones had no intentions of being sexually involved with him, Mason's attitude toward Jones changed. While Mason was asking Jones for sexual favors, he promised her he would rectify the discrepancy in her pay.

24.     Before Jones joined HCSD, Mason promised her she would earn $4,012.10 monthly, an increase in what Jones earned on her other job. When Jones joined HCSD, she was not paid $4,012.10 monthly. Jones earned approximately $2,100.00 month, less than what she earned in the position she left to work for HCSD.

25.     On July 5, 2016, Mason demoted Jones from Sergeant in the Background Investigations Department where she worked at the downtown office and transferred her to a less prestigious position of records clerk at the Raymond Detention Center. As a result of the demotion, Jones's salary was reduced again.

26. After Mason demoted Jones, he refused to speak to her on most occasions. Immediately after her demotion, Jones requested a meeting with Mason. Mason refused to meet with her. That abruptly changed in December of 2016 after former undersheriff Cheryl Matory filed suit against Mason for sexual harassment.

27. Upon information and belief, Mason asked a mutual friend to invite Jones to a meeting at Mason's office. When Jones arrived, Mason asked if she was recording him. Mason told Jones that he felt they needed to clear the air. Mason told Jones "I will apologize if I was wrong." Mason explained that there was a lot of internal strife in the HCSD.

28. Mason told Jones that he had received a couple of calls from individuals who reported Jones was showing text messages between the two of them. Mason explained that he had a situation recently that he had to diffuse with his wife. Mason asked Jones why was she showing the text messages.

29. Mason told Jones: "You have to believe in me the way I believe in you. You have no idea the gun I'm under. The very people I tried to help stabbed me." Mason told Jones he was going to rectify the situation and she would soon get a call from Rick Van Egmond, HCSD's Training Director.

30. On Tuesday, February 21, 2017, Jones received a call from Rick Van Egmond who scheduled an appointment to meet with Jones on February 22, 2017 to discuss her placement in the HCSD's class for certified law enforcement officer.

**CAUSE OF ACTIONS**
**SEXUALLY HOSTILE WORK ENVIRONMENT**
**QUID PRO QUO SEXUAL HARASSMENT**

31. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

32.  Plaintiff contends Mason's repeated unwanted and unwelcomed demands had the effect of unreasonably interfering with the Plaintiff's work performance and creating an intimidating, hostile and offensive working environment.

33.  Plaintiff contends Mason and Hinds County, Mississippi conditioned the terms and conditions of her employment on her willingness to have unwelcomed and unwanted sexual encounters with Mason. At all times relevant herein, Hinds County, Mississippi failed to supervise Mason and to adequately train Mason to prevent sexual harassment and sex discrimination of employees.

34.  As a proximate consequence of the actions of Mason, the Plaintiff suffered emotional harm.

## SEX DISCRIMINATION

35.  Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

36.  Plaintiff contends Mason subjected her to discrimination on account of her sex by continuously engaging her in sexual banter with him in exchange for employment and continued employment with the Hinds County Sheriff's Department.

37.  Plaintiff contends Mason and Hinds County, Mississippi conditioned the terms and conditions of her continued employment on her willingness to give in to Mason's unwanted and unwelcomed sexual advances.

38.  As a proximate consequence of the actions of Mason, the Plaintiff suffered emotional harm.

## BREACH OF CONTRACT/DETRIMENTAL RELIANCE

39.  Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

40. Plaintiff contends Mason used his apparent authority to cause her not to be paid at the rate he promised her when he recruited her away from her prior employment.

41. Upon information and belief, Mason knew or should have known that Jones would rely to her detriment on the salary he promised her if she left her job and joined him at the sheriff's department.

42. As a proximate consequence of the actions of Mason, the Plaintiff suffered economic harm.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43. Plaintiff realleges all prior paragraphs of the Complaint as if set out here in full.

44. Plaintiff contends Mason texts to her were unwelcomed, unwanted and outrageous and caused her to suffer emotional harm.

45. As a proximate cause of the action of the Defendants, Jones suffered emotional and economic harm.

## DAMAGES

46. As a consequence of the foregoing misconduct of the defendants, Jones sustained pain and suffering, physical injury, great mental distress, depression, insomnia, shock, fright and humiliation.

47. As a consequence of the foregoing misconduct of the Defendants, Jones has been damaged in an amount exceeding the jurisdictional requirements of this Court.

## RELIEF

48. Plaintiff requests that the Court issue the following relief:

a. Enter declaratory relief declaring that the Defendants engaged in sexually hostile work place harassment, sex discrimination by and conditioned the Plaintiff's employment on her willingness to tolerate and participate in sexual harassment.

b. Enter an Order enjoining the Defendants from engaging in sexual harassment and sex discrimination in the future.

c. Award the Plaintiff reinstatement or in the alternative front pay, equitable back pay, economic damages for their lost pay and fringe benefits, together with compensatory from Hinds County, Mississippi and compensatory and punitive damages against Mason for intentional sex discrimination and sexual harassment and in an amount to be determined by a jury of their peers.

d. Award Plaintiff attorney fees, costs and expenses of litigation and;

e. Award such other relief to which Plaintiff may be entitled under law.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants in an amount exceeding the jurisdictional requirements of this Court, all together with the costs and disbursement action, including attorneys' fees, plus interest, and for any other relief which this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this, the 21st of February, 2017.

BELENDIA JONES

By: /s/ Lisa M. Ross
Lisa M. Ross (MSB#9755)
P.O. Box 11264
Jackson, MS 39283-1264
(601) 981-7900 (telephone)

Attorney for Plaintiff