IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BELENDIA JONES**                                                                             **PLAINTIFF**

**VS.**                                                            **CVIL NO. 3:17CV120–WHB-JCG**

**HINDS COUNTY SHERIFF VICTOR MASON,
IN HIS INDIVIDUAL CAPACITY, AND
HINDS COUNTY, MISSISSIPPI**                                                   **DEFENDANTS**

### PLAINTIFF'S RESPONSES TO DEFENDANTS SHERIFF VICTOR MASON'S AND HINDS COUNTY, MISSISSIPPI'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff Belendia Jones, by and through undersigned counsel and submits her Responses to Defendants' First Set of Interrogatories and Requests for Production of Documents pursuant to F.R.C.P. Rules 33 and 34 as follows:

**INTERROGATORY NO. 1:**   Please identify the responding Plaintiff by full name, birth date, and current residence address, and any other names used by Plaintiff.

**RESPONSE:**   Belendia Jones, [REDACTED], Jackson, Ms. 39212. Belendia Jones is frequently called "BJ."

**INTERROGATORY NO. 2:**   Please identify by name, address and telephone number, each and every person known or believed by you to have discoverable knowledge of the facts and circumstances of the allegations of Plaintiff's Complaint and state for each person the area/category of information (e.g., facts or damages) you believe said person possesses.

EXHIBIT A

**RESPONSE:** (1) Plaintiff Belendia Jones ███████, Tougaloo, Ms. 39174, (601) ███████, has knowledge about the claims and defenses asserted in this matter. (2). Jacoby Cowans, ███████████████, Madison, Ms. 39110 ███████ has knowledge that while preparing for the race for Hinds County Sheriff, Victor Mason asked Jacoby Cowans if he thought Belendia Jones will "fuck." (3). Victor Mason has knowledge about the unwanted sexual advances he made toward Belendia Jones after he hired her to work for the Hinds County Sheriff's Department. (4). Cheryl Matory has knowledge about Hinds County Sheriff Victor Mason telling her that an employee complained that Belendia Jones yelled at an inmate during an office gathering. Cheryl Matory will testify that she did not witness Belendia Jones yell at an inmate. Cheryl Matory also has information about the matters that she testified to in her deposition on April 12, 2018 concerning Victor Mason and his sexual proclivities. (5.) Tomeca Barnes has knowledge about the matters that she testified to about Hinds County Sheriff Victor Mason and his unwanted and unwelcomed sexual advances toward her. (6). Captain Rick Vanegmond, Hinds County Sheriff's Department, may have knowledge about Belendia Jones being selected to attend the MLEOTA class in Pearl, Mississippi from May 14, 2017 until August 2, 2017. Captain Rick Vanegmond may have knowledge about a group text message that Belendia Jones sent to him, Victor Mason, Shane Chandler and Trey (an employee who works in the Raymond Jail in the supply department) informing them that she had not received the equipment she needed for the MLEOTA class. Vanegmond may have knowledge about whether he responded to Belendia Jones in the group text message.

(7). Hinds County Deputy Shane Chandler, Hinds County Sheriff's Department, may have knowledge about the group text a group text message Belendia Jones sent to him,

Victor Mason, and Rick Vanegmond and Trey (an employee who works in the Raymond Jail in the supply department) informing them that she had not received the equipment she needed for the MLEOTA class. (8). Rick Felder, former training director and current warden at the Hinds County Detention Center, has knowledge about Belendia Jones and Shelia Thomas not receiving field training after they completed the MLEOTA class. Rick Felder may have knowledge about Randall Quinn, an African-American male, receiving field training after he completed the same MLEOTA class that Belendia Jones and Shelia Thomas completed. (9). Shelia Thomas may have knowledge about attending the MLEOTA class with Belendia Jones. Shelia Thomas may have knowledge that she did not receive field training after she completed the MLEOTA class. Shelia Thomas also has knowledge about Victor Mason questioning her about how Belendia Jones was doing in the MLEOTA class and whether Belendia Jones ever talked about him in the class. (10). Earl Webster, [redacted], Pocahontas, Ms. [redacted] has knowledge about a meeting that he attended with Belendia Jones at the request of Victor Mason in the sheriff's department downtown office. Belendia Jones is producing a copy of the audio recording taken at the meeting she attended where Earl Webster was present in Victor Mason's office. (11). Doris Coleman, Human Resources Director, has knowledge that Belendia Jones did not receive an increase in her salary after she completed MLEOTA. Doris Coleman may have knowledge about whether Shelia Thomas and Randall Quinn received an increase in their salaries after they completed MLEOTA. (12) John Garcia, a former deputy with the Hinds County Sheriff's Department and currently a deputy with the Madison County Sheriff's Department, may have information about Victor Mason putting a hit on Belendia Jones when she was attending MLEOTA. Phil Ellis, [redacted], an

3

employee of Mercedes Benz of Ridgeland, Mississippi may have knowledge about Victor Mason putting a hit out on Belendia Jones when she was attending MLEOTA. (13) Zachary Joiner, a Meridian, Mississippi police officer who attended MLEOTA with Belendia Jones, has knowledge of giving Belendia Jones a black eye while she was training at MLEOTA as well as knowledge that he was told to "beat the hell out of [Belendia Jones]. (14) Michael Huff may have knowledge about emails Belendia Jones has sent to him during her employment with the Hinds County Sheriff's Department. (15) Regina Meadows, an employee with the Hinds County Sheriff's Department, may have knowledge about how Belendia Jones got along with other employees in the Hinds County Sheriff's Department before she was transferred to the jail.

**INTERROGATORY NO. 3:** Please identify by name, address, and telephone number each person whom you expect to call as a witness at trial in this cause and for each person state the subject matter about which you believe they will testify (e.g., facts or damages).

**RESPONSE:** Plaintiff refers the Defendant to her response to Interrogatory No. 2.

**INTERROGATORY NO. 4:** Please identify by name, address, and telephone number each person whom you expect to call as an expert witness at trial in this cause. This identification must include the information delineated in Rule 26 of the Federal Rules of Civil Procedure.

**RESPONSE:** Plaintiff does not anticipate calling any experts in this matter.

**INTERROGATORY NO. 5:** If you, your attorney, or anyone acting on your behalf is aware of any statement or admission made by any of the parties to this action, or made by any employees, agents, representatives of Hinds County, please identify the maker of the statement, and for each statement include when, where, and to whom the statement was made, a detailed summary of what was said, whether the statement was recorded electronically, in writing or otherwise. Please identify the person by name and address who is in possession of said statement.

**RESPONSE:** Plaintiff refers the defendant to the audiotape containing her conversation with Victor Mason and Earl Webster and attached hereto as Exhibit A.

**INTERROGATORY NO. 6:** Please identify each and every document, video and/or photograph of which you, your agent, or your attorney is aware that pertains to this action in any way, specifying the nature of the document and the name and address of the person who possesses the original.

**RESPONSE:** Plaintiff refers the defendants to all text messages produced in *Matory v. Hinds County Sheriff Victor Mason*, et al., Civil Action No. 3:16cv989LG-RHW. A copy of those documents has been previously provided to the defendants in this case. In addition, Plaintiff refers the defendants to the text message exchanges between Victor Mason and Belendia Jones as well as the emails Belendia Jones sent Mason and other employees of the Hinds County Sheriff's Department. The text messages and emails are attached hereto as Exhibit B.

**INTERROGATORY NO. 7:** Please identify any and all documents, videos, photographs and/or any tangible items which you intend to utilize as an exhibit at the trial of this matter.

**RESPONSE:** Plaintiff refers the defendant to her response to Interrogatory No. 6.

**INTERROGATORY NO. 8:** Please state if you have been either a Claimant, Plaintiff, or Defendant in any administrative hearing or lawsuit filed before an agency or court, including Justice Court, County Court, Circuit Court, Chancery Court, United States Bankruptcy Court, Social Security, and the Workers' Compensation Commission, in this state or any other state and, if so, please identify the date the claim or suit was filed, the Court in which it was filed, the docket number, the names of all opposite parties and the disposition of the case if no longer pending.

**RESPONSE:** Plaintiff objects to Interrogatory No. 8 on the grounds that it is overly broad and seeks information that is not relevant to the claims and/or defenses raised in this matter. Without waiving said objection, Plaintiff divorced her husband Wardell Jones in 1988 in the Chancery Court of Hinds County, Mississippi. Plaintiff plead guilty to food stamp fraud in 1993 in Hinds County Circuit Court, but the Court withheld acceptance of her guilty plea and placed Plaintiff on probation. After Plaintiff completed probation, the case was dismissed, and Plaintiff's records subsequently were expunged. Plaintiff has never filed bankruptcy. Plaintiff has an open workers compensation case that has not been controverted. The cause number on Plaintiff's workers compensation case is 117-384-54. The claims arise out of injuries Plaintiff sustained when she was boxing at MLEOTA training with Zachary Joiner. Plaintiff has filed one charge of discrimination

6

with the Equal Employment Opportunity Commission. The charge number is 423-2018-00132. Plaintiff has requested but has not received a right to sue letter from the EEOC. A copy of Plaintiff's EEOC charge is included in Exhibit B.

**INTERROGATORY NO. 9:** Please identify by name, address, and telephone number each and every employer for whom you have worked part time or full time in the past (15) years, including the position you held, name of your immediate supervisor, rate of pay, benefits, and reason for leaving your employment.

**RESPONSE:** For the past 15 years, Plaintiff has been employed by the Hinds County Sheriff's Department. Prior to joining the Hinds County Sheriff's Department, Plaintiff was employed by Jackson Public Schools for 23 years. Plaintiff's last supervisor at Jackson Public Schools was Fred Davis. Plaintiff made approximately $30,000.00 when she left Jackson Public Schools to join the Hinds County Sheriff's Department.

**INTERROGATORY NO. 10:** Please state whether you have been suspended and/or terminated by a previous employer, and if so, the circumstances surrounding said suspension(s) and/or termination(s).

**RESPONSE:** Plaintiff has never been suspended and/or terminated by a previous employer.

**INTERROGATORY NO. 11:** Please identify by name, address, and telephone number each person whom you expect to call as a witness at trial in this cause and for each

7

person state the subject matter about which you believe they will testify (e.g., facts or damages).

**RESPONSE:** None.

**INTERROGATORY NO. 12:** Please identify each and every medical provider you have seen, been examined and/or treated by for any reason during the past ten (10) years.

**RESPONSE:** Neurospine, Head to Toe Physical Therapy, Genesis Physical Therapy, MEA in Clinton, and Genesis Physical Therapy in Clinton, Ms. Plaintiff was seen at Neurospine and Genesis Therapy for injuries she sustained while receiving training at MLEOTA. Plaintiff has been examined and treated at MEA when she did not feel well.

**INTERROGATORY NO. 14:** State the dates, number of days, and amount of salary, wages, compensation, benefits, or other income that you claim to have lost as a result of the events alleged in your Complaint and the basis for your calculations.

**RESPONSE:** Belendia Jones has suffered approximately $40,000.00 in loss wages. Victor Mason promised Belendia Jones that she would earn $4,010.38 to $4,112.10 monthly. When Belendia Jones joined the Hinds County Sheriff's Department, she was paid $1,918.00 for a yearly salary of $23,016. For the first three months of her job with the Hinds County Sheriff's Department, Belendia Jones earned $2,092.38 less than what Victor Mason told her she would earn. As a result, she suffered a loss of $6,277.14 during her first three months on the job. In April of 2016, Victor Mason increased Belendia Jones' monthly pay to $2,454.46, $1,555.92 less than what Victor Mason promised her she would make if she joined him at the Sheriff's Department. In

8

May of 2016, Victor Mason increased Plaintiff's salary to $2,700.46 a month, $1,309.92 than Victor Mason promised her she would make. In June and July of 2016, Victor Mason decreased Plaintiff's salary to $2,520.26 a month, $1,490.26 x 2 less than what Victor Mason promised Plaintiff she would make in the job. In August of 2016, Victor Mason decreased Plaintiff's salary to $2,225.00 a month, $1,785.25 x 5 less than what Victor Mason told her she would earn each month. From January 2017 through November of 2017, Belendia Jones earned $2, 325.00, $1,685.00 less than Victor Mason told her she would make. In September of 2017, Victor Mason cut Belendia Jones' pay to $1,192.00 a month, $2,818.00 less than Victor Mason told her she would earn. In December of 2017 through the present, Belendia Jones' salary earned $2554.46, $1,455.54 less than Victor Mason told her she would earn.

**INTERROGATORY NO. 15:** Please state the names, addresses and telephone numbers of each and every person, corporation or other entity, including but not limited to Medicaid, Medicare, Champus and insurers which paid any bills or expenses, including, but not limited to, medical bills incurred by you as a result of the events alleged in your Complaint and Amended Complaint and state the amount paid by each such entity and whether or not any assignment of rights was affected by the payment. If so, please identify all written or oral communications referring to the assignment.

**RESPONSE:** None at this time.

**INTERROGATORY NO. 16:** State each and every communication this Plaintiff had with the Defendant, Defendant's representatives, attorney and/or anyone else regarding

the claims asserted in Plaintiff's Complaint. Include in your response the parties to the communication, the approximate date of the communication, and the substance of the communication.

**RESPONSE:** Plaintiff refers the defendant to the test message exchange between Plaintiff and Victor Mason as well as emails she has sent to Victor Mason and other employees of the Hinds County Sheriff's Department. Plaintiff also refers the defendant to the audio tape recording of a conversation she had with Victor Mason and Earl Webster in January of 2017.

**INTERROGATORY NO. 17:** Please state the cellular number and entity providing service for the cellular telephone(s) and/or communication devices used to send and receive the text messages referenced throughout the Plaintiff's Complaint.

**RESPONSE:** Plaintiff's cellular telephone number is 601- ■■■■ Her cellular carrier is AT&T.

**INTERROGATORY NO. 18:** Please indicate whether any of the cellular telephone and/or communication devices used to send and receive the messages referenced in your Compliant was issued to you by or paid for by Hinds County, Mississippi.

**RESPONSE:** Plaintiff was issued a cellular telephone by Hinds County, Mississippi but to the best recollection Victor Mason never texted her on the cellular telephone issued by the county. Her county cellular telephone number was 601- ■■■■.

10

**INTERROGATORY NO. 19:** Please identify each and every person to whom you showed the text messages referenced in your Complaint, the approximate date on which you shared the communication with them, and what you allege to have been the content of said message.

**RESPONSE:** On or about January of 2017, Plaintiff showed a text message to Kimberly Sutton when employees of the Hinds County Sheriff's Department were discussing Matory v. Hinds County Sheriff's Department in the workplace. When Kimberly Sutton mentioned the text, messages referenced in the Cheryl Matory's Complaint, Belendia Jones simply said she had received similar text messages and showed her a text message. Belendia Jones asked Kimberly Sutton not to discuss their conversation but she was called into Victor Mason's office after Kimberly Sutton shared their conversation with Victor Mason's stepdaughter Terrilyn Bowles.

**INTERROGATORY NO. 20:** Please indicate whether you received any other communications from Sheriff Mason, or any other employ or representative of Hinds County, other than those described in your Complaint, which you contend are evidence of your claims, including date and form of communication, how the communication was sent and/or received.

**RESPONSE:** Plaintiff is not aware of any other communications she has had with Victor Mason other than the communications described in her Complaint and in her response to Victor Mason's discovery request.

11

**INTERROGATORY NO. 21:** For each report, if any, you made regarding the alleged actions of Defendant Victor Mason which you outline in your Complaint, please identify the Hinds County employee, representative or official to whom you reported the matter, the date of the report, and/or how you conveyed this information. Please include in your response any report you may have made to the Internal Affairs Division of the Hinds County Sheriff's Department.

**RESPONSE:** Plaintiff did not report Victor Mason's unwanted and unwelcomed sexual advances. Plaintiff asked Victor Mason to stop making unwanted and unwelcomed sexual advances toward her. Plaintiff refused to have sex with Victor Mason although Victor Mason repeatedly sought to have sex with the Plaintiff.

**INTERROGATORY NO. 22:** Please outline your educational background, including schools or institutions attended, dates of attendance, and degrees or certification earned.

**RESPONSE:** Plaintiff graduated from Lanier High School in Jackson, Mississippi in 1979. Plaintiff enrolled in Jackson State University in August of 1979. Plaintiff received her Bachelor of Science Degree in Criminal Justice in 1985. Plaintiff is a certified law enforcement officer. Plaintiff completed her training at MLEOTA in Pearl, Mississippi in 2017.

**INTERROGATORY NO. 23:** State the amount of front pay to which you claim you are entitled to date, including the basis for your calculations.

12

**RESPONSE:** Plaintiff still is employed by the Sheriff's Department and hence is not seeking front pay.

**INTERROGATORY NO. 24:** Please indicate whether you are currently employed, include your position, job duties, rate of pay and direct supervisor.

**RESPONSE:** Plaintiff is currently employed by the Hinds County Sheriff's Department. Plaintiff has completed her MLEOTA training but has not received field training so she can work in the field as a deputy sheriff. Plaintiff's current rate of pay is $30,650.00. Plaintiff is currently working as a records clerk the position she held before she went to MLEOTA. Plaintiff's direct supervisor is Kashaw Jacobs-Tillman.

**INTERROGATORY NO. 25:** Please indicate whether you have social media accounts, including the name of the social media, username associated with the account, and means by which you access your account (i.e. whether by handheld device, desktop PC or otherwise).

**RESPONSE:** Plaintiff has a Facebook page under the name of Belendia McGee Jones. Plaintiff accesses her Facebook account through her hand-held phone.

## VERIFICATION

STATE OF MISSISSIPPI
COUNTY OF HINDS

BELENDIA JONES, being duly sworn, states that she is the Plaintiff in the above-entitled action; that she has read the foregoing and knows their contents, and that they are true to the best of her knowledge, information, and belief.

_____
BELENDIA JONES

Sworn to and subscribed before me on the 17th day of _____, 2018.

_____
NOTARY PUBLIC

My Commission Expires: _____

BELENDIA JONES, PLAINTIFF

BY: _____
LISA M. ROSS, MSB#9755
Post Office Box 11264
Jackson, MS 39216
(601) 981-7900 (Office)
(601) 981-7917 (Facsimile)

## CERTIFICATE OF SERVICE

I, Lisa M. Ross, do hereby certify that I have this date caused to be emailed and mailed via U.S. Mail, postage prepaid, forwarded a true and correct copy of the foregoing document to all counsel of record in this matter.

SO CERTIFIED, this the 17th day of April, 2018.

_____
LISA M. ROSS

13